<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DONNA CARUSO, et al.,

                Plaintiffs,

                v.

WOODLOCH PINES, INC., et al.,

                Defendants.

Civil Action No. 19-17906 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>SHIPP, District Judge</u>

      This matter comes before the Court upon Defendant Woodloch Pines, Inc.'s ("Defendant") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. § 1406(a) or § 1404(a). (ECF No. 9.) Plaintiffs Donna Caruso and James Caruso (collectively, "Plaintiffs") opposed (ECF No. 10), and Defendant replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants in part and denies in part Defendant's Motion and transfers this matter to the United States District Court for the Middle District of Pennsylvania.

## I.    <u>BACKGROUND</u>

      On or about September 16, 2017, Donna Caruso ("Caruso") and her husband James Caruso drove from their home in New Jersey to Woodloch Pines Resort (the "Resort") in Pennsylvania. (Caruso Aff. ¶¶ 1–2, ECF No. 10-3; Compl. ¶¶ 1–2, 9, ECF No. 1.) Plaintiffs' only reason for traveling to the Resort was to attend the wedding of their friends' son. (Caruso Aff. ¶¶ 2–3.) The

wedding and reception were hosted at the Resort and services were provided by Defendant. (*Id.* ¶ 4.)

After the wedding and reception, Plaintiffs attended an after-party hosted by the bridal party at a home (the "Home") located in the Woodloch Springs residential community in Hawley, Pennsylvania. (Caruso Aff. ¶ 5; Malakin Aff. ¶¶ 2-3, Ex. B to Shah Certification, ECF No. 9-2.) The Home was owned by Gerald and Richard Backlund ("Backlund Defendants"). (Compl. ¶¶ 3– 4, 14; Caruso Aff. ¶ 6.) After leaving the party, Caruso fell while stepping from the Home's "driveway onto an inclined gravel ravine that separated the driveway from the road." (Compl. ¶¶ 11–13; Caruso Aff. ¶ 6.) Plaintiffs allege that Caruso's fall and injuries were the result of a hazardous condition on property owned by either Defendant or Backlund Defendants. (Compl. ¶ 12; Caruso Aff. ¶ 6.)

On September 11, 2019, Plaintiffs filed a Complaint, asserting two causes of action— negligence and loss of consortium—against Defendant and Backlund Defendants. (*See generally* Compl.) Plaintiffs are domiciled in New Jersey. (Compl. ¶ 1; Caruso Aff. ¶ 1.) Defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Compl. ¶ 2; Malakin Aff. ¶ 4.) Backlund Defendants are domiciled in Massachusetts. (Compl. ¶¶ 3–4.) On October 28, 2019, Backlund Defendants answered the Complaint. (ECF No. 7.) On November 6, 2019, Defendant moved to dismiss the action for lack of personal jurisdiction over Defendant and for improper venue, or in the alternative, to transfer the matter to the United States District Court for the Middle District of Pennsylvania. (Notice of Motion, ECF No. 9.)

## II.   LEGAL STANDARD

### A.   Personal Jurisdiction

For the purposes of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the "plaintiff must prove by affidavits or other competent evidence that [personal]

2

jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal quotation marks and citation omitted). "[T]he plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . not mere allegations." *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (internal quotation marks and citation omitted); *see also Metcalfe*, 566 F.3d at 330. When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

### B.    Venue

On a Federal Rule of Civil Procedure 12(b)(3) motion, the burden is on the moving party to show improper venue. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982); *see also Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*, No. 13-2609, 2014 WL 1334260, at \*4 (D.N.J. Apr. 2, 2014). Similar to a motion based on personal jurisdiction, a court considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(3) must accept the allegations of the complaint as true, unless contradicted by the defendant. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (citation omitted). In cases with multiple claims, venue must be proper as to each claim. *Fortay v. Univ. of Miami*, No. 93-3443, 1994 WL 62319, at \*12 n.19 (D.N.J. Feb. 17, 1994).

The test for determining proper venue under § 1391 is not the defendant's contacts with the district, "but rather the location[s] of those events or omissions giving rise to the claim." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (internal quotation marks and citation omitted). Moreover, "events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *DaimlerChrysler Corp. v. Askinazi*, No. 99-5581, 2000 WL 822449, at \*6 (E.D. Pa. June 26, 2000) (citations and internal quotation

3

marks omitted). The events must have been substantial under § 1391 for venue to be proper. *Pa. Gear Corp. v. Fulton*, No. 98-1538, 1999 WL 80260, at *2 (E.D. Pa. Jan. 26, 1999). In order to determine if the act which gave rise to the claim is substantial, "it is necessary to look at the nature of the dispute." *Cottman Transmission Sys.*, 36 F.3d at 295.

## C.     Transfer

A federal district court may transfer a civil action to a different venue under 28 U.S.C. § 1404(a) or § 1406(a). Section 1404 states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Third Circuit has explained that "[§] 1404[] provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, at 878 (3d Cir. 1995).[1] When deciding a motion to transfer venue, a district court should be mindful that "the plaintiff's choice of venue should not be lightly disturbed," *id.* at 879 (citation omitted), so long as the plaintiff's choice is "one among the permissible options," *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 526 (D.N.J. 2013).

---

[1] In moving to transfer this matter, Defendant relies only upon 28 U.S.C. § 1404 rather than 28 U.S.C. § 1406, despite also arguing that the Court lacks personal jurisdiction over Defendant and that venue is improper in this district. Because a district court may sua sponte transfer a case to a court of proper jurisdiction under § 1406, *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006), the Court also considers transfer under § 1406.

### III. DISCUSSION

#### A. Personal Jurisdiction

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law. New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller*, 384 F.3d at 96 (internal citations omitted). "Thus, parties who have constitutionally sufficient minimum contacts with New Jersey are subject to suit there." *Id.* (internal quotation marks omitted).

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction.[2] *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316–17 (3d Cir. 2007); *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984); *see also*. Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully directed its activities at the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one of those activities"; and (3) the exercise of jurisdiction "comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotation marks and citations omitted).[3] "The defendant need not be physically located in the state while committing the alleged acts." *Al-Ghena*, 957 F. Supp. 2d at 528 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). "Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum." *Id.* (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

---

[2] Because Plaintiffs concede the Court lacks general jurisdiction over Defendant, (Pls.' Opp'n Br. 6), the Court only discusses specific jurisdiction.

[3] The Court need not assess specific jurisdiction on a claim-by-claim basis here because the loss of consortium claim is "purely derivative" of the negligence claim and the "two claims together . . . represent the total, compensable damages—direct and indirect—suffered as a result of the principal plaintiff's injury." *See O'Connor*, 496 F.3d at 317 n.3 (internal quotation marks and citation omitted).

The Court must first determine whether Defendant purposefully directed its activities at New Jersey. Plaintiffs argue that Defendant directs activities at New Jersey through operation of an "interactive commercial website through which it intentionally targets potential customers in New Jersey." (Pls.' Opp'n Br. 6.) This website "allows customers in New Jersey to book rooms, communicate with Defendant, and even purchase gift certificates." (*Id.* at 8; *see* Ex. A to Picini Certification at 1–15, ECF No. 10-1.) The website also posts directions and travel times from New Jersey. (Pls.' Opp'n Br. 9; Ex. A to Picini Certification at 16–18.) Defendant argues that Plaintiffs fail to establish that Defendant "has had regular and pervasive internet-related communications or transactions directed at . . . New Jersey or its citizens." (Def.'s Reply Br. 3, ECF No. 11.)

For specific jurisdiction based on a defendant's operation of a commercially interactive website, "there must be evidence that the defendant purposefully availed itself of conducting activity in the forum state, by directly targeting its website to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003).

Taking Plaintiffs' allegations as true and construing all factual disputes in Plaintiffs' favor, the Court finds that Plaintiffs have established that Defendant purposefully directs activities at New Jersey by operating an interactive commercial website and targeting New Jersey customers on its website. *See, e.g.*, *Tristar Prods., Inc. v. SAS Grp., Inc.*, No. 08-6263, 2009 WL 3296112, at *3 (D.N.J. Oct. 9, 2009) (finding defendant directed activities at New Jersey through interactive website).

Next, the Court determines whether the litigation arises out of, or is related to, Defendant's activities directed at New Jersey. In evaluating the relatedness requirement for tort claims, "the Third Circuit has opted for an enhanced 'but-for-test.'" *Al-Ghena*, 957 F. Supp. 2d at 532 (citing *O'Connor*, 496 F.3d at 321). It is not enough that a defendant's activities directed at the forum are

6

a but-for cause of the litigation—"specific jurisdiction requires a closer and more direct causal connection." *O'Connor*, 496 F.3d at 323; *Al-Ghena*, 957 F. Supp. 2d at 532. "The animating principle behind [this element] is the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable." *O'Connor*, 496 F.3d at 322. "The causal connection [between the defendant's activities directed at the forum and the plaintiff's claims] can be somewhat looser than the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable." *Id.* at 323.

Plaintiffs argue there is a requisite causal connection because Caruso's "injuries were sustained on the property of [Defendant or Backlund Defendants] after attending a wedding hosted by Defendant in furtherance of the wedding business for which they target New Jersey residents to be customers of the resort." (Pls.' Opp'n Br. 9.) Plaintiffs allege that they would not have been at the Resort if not for the wedding, therefore, "Defendant's enticing New Jersey residents to hold weddings at the [R]esort" is a but-for cause of Plaintiffs attending the Resort and Caruso's resulting injuries. (*Id.* at 9–10.) Plaintiffs lay out the following causal chain:

> It is entirely reasonable to expect, if you are soliciting New Jersey residents to purchase wedding packages from you, that these customers will invite other residents of New Jersey to attend their wedding at your facility. Moreover, it is certainly foreseeable that while such New Jersey residents are on your property to attend these functions, that there might be tortious conduct by any number of parties which might result in a law suit filed in New Jersey.

(*Id.* at 10.) Defendant argues that "Plaintiffs' claims arise[] out of the fact that they were guests of non-party individuals who were hosting their wedding at the [Resort] and had rented out the [Backlund Defendants'] house for a post-wedding event." (Def.'s Moving Br. 9.) Defendant argues it "did not transact any business in New Jersey in connection with Plaintiff[s'] claims and did not direct any unilateral communication, or solicitations, or advertisements directly to Plaintiffs in New Jersey." (*Id.*)

Here, there is an insufficient causal connection between Defendant's activities directed at New Jersey and Plaintiffs' claims to support personal jurisdiction over Defendant. Defendant directs activities at New Jersey through its interactive commercial website. Plaintiffs, however, do not allege that they interacted with the website. (*See generally* Compl.; Pls.' Opp'n Br.; Caruso Aff.) Plaintiffs also do not allege that the bridal party interacted with Defendant's website, purchased a wedding package on Defendant's website, or even that the bridal party is from New Jersey or performed these activities from New Jersey so as to put Defendant on notice that New Jersey residents were involved. (*See generally* Compl.; Pls.' Opp'n Br.; Caruso Aff.) Even if the bridal party was enticed by, or used, Defendant's website, and such activity were a but-for cause of Plaintiffs attending the Resort and any ensuing injuries, the Third Circuit has declined to adopt a simple but-for causation analysis. Such an analysis is "vastly overinclusive" and may "embrace[] every event that hindsight can logically identify in the causative chain." *O'Connor*, 496 F.3d at 322 (internal quotation marks and citation omitted). Here, the causal chain is too attenuated to satisfy the "closer and more direct causal connection," or "intimate" connection, required to support specific jurisdiction over Defendant in New Jersey. *See Callista v. Inversora Internacional Hotelera S.A.*, No. 07-206, 2009 WL 137332, at *3 (D.N.J. Jan. 20, 2009) (finding relatedness requirement not met where the plaintiff "[did] not assert that he made a reservation through the web site, or that he was enticed to visit the [hotel] as a result of the web site"). Considering the "animating principle" of the inquiry—the "tacit quid pro quo that makes litigation in the forum reasonably foreseeable," *O'Connor*, 496 F.3d at 322—the Court finds it unreasonable to exercise personal jurisdiction over Defendant for a negligence claim where Plaintiffs' claims do not relate,

and may only tenuously arise from, Defendant's activities directed at New Jersey. The Court, accordingly, finds it lacks specific jurisdiction over Defendant.[4]

## B.   Transfer Under 28 U.S.C. § 1406

A court "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may transfer a case even where the court finds it lacks personal jurisdiction over a defendant. *Rao v. Era Alaska Airlines*, 22 F. Supp. 3d 529, 541 (D. Md. 2014) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, . . . whether the court in which it was filed had personal jurisdiction over the defendants or not." (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962))).

Here, the Court finds it is in the interest of justice to transfer this case rather than dismiss Defendant for lack of personal jurisdiction. First, both parties acknowledge that this matter originally could have been brought in the United States District Court for the Middle District of Pennsylvania. (Def.'s Moving Br. 11; Pls.' Opp'n Br. 15.) Second, Defendant seeks transfer of this matter to the Middle District of Pennsylvania if the Court declines to dismiss Defendant. (Def.'s Moving Br. 11.) Third, Plaintiffs assert that if Defendant were dismissed, Plaintiffs would be forced to refile another suit in the Middle District of Pennsylvania where their suit may be barred by the applicable statute of limitations. (Pls.' Opp'n Br. 15–16.) Finally, Backlund Defendants have answered Plaintiffs' Complaint, (Backlund Defs.' Answer, ECF No. 7), waiving

---

[4] Plaintiffs seek jurisdictional discovery "[s]hould the Court remain unconvinced of . . . personal jurisdiction for lack of supporting evidence of Defendant's contacts with New Jersey." (Pls.' Opp'n Br. 12.) Because the Court finds that Plaintiffs alleged sufficient evidence of Defendant's contact with New Jersey but failed to allege with "reasonable particularity" an adequate basis for their claims arising from or relating to those contacts, the Court finds jurisdictional discovery unnecessary. *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 636 (D.N.J. 2004); *cf. Toys "R" Us*, 318 F. 3d at 455–459 (reversing denial of jurisdiction discovery into additional activities directed at the forum).

any argument regarding lack of personal jurisdiction. Fed. R. Civ. P. 12(h)(1). If the Court were to dismiss Defendant but retain this action against Backlund Defendants, Plaintiffs may be faced with litigating two suits in separate forums. For these reasons, the Court finds it is in the interests of justice and judicial economy to transfer this matter to the Middle District of Pennsylvania.

## IV.    CONCLUSION

The Court lacks personal jurisdiction over Defendant. In the interests of justice and judicial economy, the Court transfers this matter to the United States District Court for the Middle District of Pennsylvania.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE
